UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-8783-CIV-ZLOCH

ANTHONY E. RAMOS,

    Plaintiff,

vs.                     **FINAL ORDER OF DISMISSAL**

KEVIN TYNAN, RICHARD LISS, JOHN
BOGGS, SID J. WHITE, THE
FLORIDA BAR, THE SUPREME COURT
OF FLORIDA,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Defendants, Kevin Tynan, Richard Liss, John Boggs and The Florida Bar's Motion To Dismiss (DE 11), and the Defendants, Sid J. White and the Florida Supreme Court's Motion To Dismiss (DE 13). The Court has reviewed the entire court file and is otherwise fully advised in the premises.

    The Plaintiff commenced the above-styled cause by filing a Complaint seeking injunctive relief and damages pursuant to 42 U.S.C. § 1983. Specifically, the Plaintiff alleges that he was a member of the Bar of Florida and was subject to disciplinary proceedings which resulted in his disbarment. The Plaintiff contends that the procedures used during his disciplinary proceedings deprived the Plaintiff of his constitutional rights. The Plaintiff seeks injunctive relief against each Defendant, as well as compensatory and punitive damages.

    The Court notes that only a generalized statement of facts

needs to be set out to comply with the liberal Federal Rules of Pleading. A classic formulation of the test often applied to determine the sufficiency of the Complaint was set out by the United States Supreme Court in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), wherein the Court stated:

> . . . In appraising the sufficiency of the Complaint we follow . . . the accepted rule that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The Court adds that a Complaint may not be dismissed because the plaintiff's claim does not support the legal theory he relies on since the Court must determine if the allegations provide relief on any possible theory. See, Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967).

It is clear, however, that lower federal courts do not have jurisdiction to review state court orders regarding the disbarment of attorneys. Lenske v. F.M. Sercombe, 266 F.Supp. 609, 612 (D.Oregon 1967). It "is axiomatic that a federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify, or nullify a final order of a state court." Kimbell v. The Florida Bar, 632 F.2d 1283, 1284 (5th Cir. 1980). The limits of review of a state court disbarment proceeding are confined to a petition for writ of certiorari to the United States Supreme Court. See, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263

U.S. 413 (1923); Dale v. Moore, 121 F.3d 624 (11th Cir. 1997). "[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems." Howell v. The State Bar of Texas, 710 F.2d 1075, 1077 (5th Cir. 1983) (quoting Mackay v. Nesbett, 412 F.2d 846 (9th Cir. 1969)).

The Plaintiff attempts to circumvent the established proclamations of the Rooker/Feldman doctrine by couching his Complaint in the form of a civil rights claim, and strenuously asserting that he is not seeking review of the substantive issues raised in his disciplinary proceedings, nor that any of the laws governing his proceedings were unconstitutional. However, based upon a careful review of the Plaintiff's claims, the Court finds that "stripped to its essentials," the Plaintiff's Complaint is effectively asking this Court to reverse a final decision of the state court. Kimbell v. The Florida Bar, 632 F.2d at 1284; Liedtke v. The State Bar of Texas, 18 F.3d 315, 318 (5th Cir. 1994). Each of the Plaintiff's claims is "inextricably intertwined" with the Florida Supreme Court's decisions regarding the Plaintiff's disciplinary proceedings. Howell, 710 F.2d at 1077 (5th Cir.

3

1983); <u>Liedtke v. The State Bar of Texas</u>, 18 F.3d at 318. Accordingly, this Court lacks jurisdiction to entertain the claims alleged in the Plaintiff's Complaint.

In addition, based upon careful review of said Complaint, the Court finds that the individual Defendants, Kevin Tynan, Richard Liss, John Boggs, and Sid J. White, was acting as agents of the Florida Supreme Court during all times relevant to the Plaintiff's claims. Each allegation against these individual Defendants alludes to their conduct and capacity as agents of the Florida Supreme Court. Accordingly, these individual Defendants are entitled to absolute immunity from the instant claims. <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Furthermore, the Court notes that the Supreme Court of Florida is vested with exclusive jurisdiction to regulate the admission and discipline of persons admitted to the practice of law. Fla. Const., Art. V, § 15; Rule 3-1.2, Rules Regulating The Florida Bar; <u>The Florida Bar v. Massfeller</u>, 170 So.2d 834 (1964); <u>State ex rel. Florida Bar v. Evans</u>, 94 So.2d 730 (1957). Therefore, injunctive relief against any Defendants other than members of the Florida Supreme Court would be a futile act. <u>Lenske v. F.M. Sercombe</u>, 266 F.Supp. at 611-12.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Defendants, Kevin Tynan, Richard Liss, John Boggs and

4

The Florida Bar's Motion To Dismiss (DE 11) be and the same is hereby **GRANTED**;

2. The Defendants, Sid J. White and the Florida Supreme Court's Motion To Dismiss (DE 13) be and the same is hereby **GRANTED**;

3. The above-styled cause be and the same is hereby **DISMISSED** for lack of subject-matter jurisdiction;

4. The Plaintiff Anthony E. Ramos's Request For Hearing (DE 20) be and the same is hereby **DENIED**;

5. The Defendant, The Florida Bar's Motion To Remand (DE 31) and the Plaintiff, Anthony E. Ramos's Request For Hearing On Motion To Remand (DE 34) be and the same are hereby **DENIED** as moot; and

6. To the extent not otherwise disposed of herein, all pending Motion are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _2nd_ day of April, 1999.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Anthony E. Ramos, Pro se
P.O. Box 7802
Jupiter, FL 33468-7802

Barry Richard, Esq.
Hans Ottinot, Esq.

5